MIDDLE VALLEY TRAP ROCK MINING COMPANY ET AL., PLAINTIFFS IN ERROR, v. BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF MORRIS ET AL., DEFENDANTS IN ERROR.

Submitted July 12, 1904—Decided December 9, 1905.

1. Under the supplement to the act to enable boards of chosen freeholders to acquire, improve and maintain public roads (*Pamph. L.* 1895, *p.* 418), an advertisement for bids for stone for the repair of roads is sufficiently definite when it specifies, approximately, the quantity thought to be necessary, and states that delivery is to be made at the railroad station nearest the line of work in progress.

2. The advertisement need not state what amount of stone is required for repairs and what amount for improvements.

3. A contract for stone for the repair of roads required that material furnished which in the opinion of the road inspector or supervisor, or the county engineer, should not be in accordance with the specifications, conditions and bid, should be removed by the contractor and proper stone furnished. *Held*, that an unsuccessful bidder could not question the contract because it authorized a person other than the county engineer to reject materials furnished, and that the fact that he was called inspector or supervisor did not alter the case, although no such officer was mentioned by the statute.

4. Where the advertisement for bids permitted each bidder to submit two bids—one for supplying all the material to be used by the county and the other for furnishing material in one or more of the municipalities of the county—an award of the contract to the only bidder for the supply of material for the whole county will not be set aside, where it is not proved that his offer was not the most advantageous for the county.

On error to the Supreme Court. For opinion of Supreme Court, see 41 *Vroom* 625.

For the plaintiffs in error, *Vreeland, King, Wilson & Lindabury*.

For the defendants in error, *George G. Runyon* and *George T. Werts*.

The opinion of the court was delivered by

SWAYZE, J. This case involves the validity of a contract for crushed trap rock made by the defendants with Frederick W. Schmidt. The prosecutors are unsuccessful bidders. The Supreme Court sustained the contract.

The prosecutors contend that the proceedings are governed by a supplement to an act to enable boards of chosen freeholders to acquire, improve and maintain public roads, to be found in the laws of 1895 (*Pamph. L.*, p. 418) and in the general statutes. *Gen. Stat.*, p. 2901, pl. 406. The brief filed for the county suggests a doubt as to whether the proceedings were had under this act, but it is unnecessary to determine this question since we think that the proceedings complied with the requirements of the act relied upon by the prosecutors.

The objections urged by the prosecutors are:

1. That the advertisement failed to specify the quantity of material required or the point or place of delivery.

2. That it failed to specify what portion of the material was to be used for repairs and what portion for improvements.

3. That the contract stipulated that the materials should be approved by a supervisor of roads, an officer not contemplated by the statute.

4. That the work to be done was not stated with sufficient definiteness.

5. That the conditions and specifications were such as to preclude proper competitive bidding.

*First.* The work to be done was the repair of the county roads located in different parts of the county. The advertisement stated that the quantity of stone thought to be necessary in the whole county was ten thousand tons annually; that this quantity was merely estimated, and bidders were required to state the minimum quantity that they would supply at the price named in their bids, and that delivery was to be made at the railroad station nearest the line of work in progress. The specification required the bids to be for stone delivered free on board cars at the points or stations nearest the line of work proposed and in such number of tons as might be ordered by the county supervisor. In view of the facts that the work to be done was repairs to roads and that the roads extended throughout the county, we think that the advertisement and specifications indicated as definitely as possible the quantity of stone required and the places of delivery.

*Second.* The statute authorizes the freeholders to contract for the supplying and furnishing of materials necessary in constructing, improving and maintaining the roads. There is a difference between the work of construction and the work of maintenance. The word "improving" might, perhaps, be ambiguous, but we think that the legislature, by providing for the improving and maintaining of the roads, referred to work upon roads already constructed, which might be called either repairs or improvements or maintenance. The notice sufficiently indicated that the object for which the stone was

required was work upon roads already constructed. Whether the work was called improving or repairing does not seem to us material. It would be quite impossible for the freeholders to distinguish with precision between improvements and repairs.

. *Third.* The contract with Schmidt provided that any material furnished by him which, in the opinion of the road inspector or supervisor, or the county engineer, should not be in accordance with the specifications, conditions and bid, should be removed promptly by Schmidt at his own cost and expense and proper stone furnished upon notice in writing from the road inspector or supervisor, or the engineer. The contract therefore complied with the requirements of the statute that the material should be subject to the inspection and approval of the county engineer. We think that a bidder whose bid has been rejected cannot complain, because the contract with the successful bidder embodies a requirement of the statute which did not, however, appear in the advertisement or specifications. Since all the bids were made upon the same basis that the material should be approved by the supervisor, no bidder has a right to complain of the insertion of such a provision in the specifications as he is not injured thereby. No taxpayer is injured by the fact that the board of freeholders requires the material to be approved by a person other than the engineer as well as by the engineer. It can make no difference that he is called by the name of supervisor.

*Fourth.* We think the work to be done was stated as definitely as it could reasonably be stated in view of the character of the work.

*Fifth.* The fifth complaint rests upon the fact that the contract with Schmidt was for stone for the repair of roads throughout the county, while all of the other bids were for stone to be furnished in some of the townships of the county, no bid covering all the townships. The advertisement permitted each bidder to submit two bids, one for supplying all the material to be used by the county, and the other for furnishing stone in one or more towns, townships or boroughs,

and in the latter case bidders were permitted to bid for stone delivered on one or both railroads running through any such town, township or borough. The evident object of this permission was to enable the freeholders to contract for stone for repairs throughout the county, and in order that the number of bidders might not be limited to those who were in a position to supply stone at all the necessary points, bids were sought from those who might be able to supply stone at certain points only. This was a fair provision, intended to broaden the competition and to give the freeholders the opportunity of deciding upon the terms most advantageous to the county after weighing all the circumstances of the case. The prosecutor had the opportunity to submit a bid for the whole county, but failed to do so. It was for the freeholders to determine whether the bid of Schmidt for the whole county was more advantageous upon the whole than the bids of his competitors for the delivery of the stone in some of the municipalities only. The statute does not require that the contract should be awarded to the lowest bidder; but if it did, we cannot say that Schmidt's bid was not the most advantageous for the county; it is not contended by the prosecutor that there was any abuse of discretion by the board of chosen freeholders.

The reasons alleged are not sufficient in our judgment to warrant us in setting aside the contract, and the judgment of the Supreme Court must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, SWAYZE, REED, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY.   11.

*For reversal*—None.